Court of Appeal    --    Parish of Orleans

No. 7818

**7818**

Mrs. Annie Frey

v s

Thomas J. McDonald

By Dinkelspiel, J.

**7818**

By Dinkelspiel, J.

This controversy was instituted by Mrs. Annie Frey, a femme sole, against Thomas J. McDonald, from whom she claims the sum of $1,000.00 as damages alleged to have been suffered by her through the wrongful issuance of a writ of provisional seizure, under which writ certain household furniture enumerated in her petition, the property of plaintiff, had been seized and held by the defendant until final judgment of said suit above referred to, and which suit was eventually decided in favor of plaintiff as is shown by reference to the record of the First City Court, being No. 78554 of the docket of that Court, and which record is made part of the record in this case.

Defendant filed exceptions of vagueness and no cause of action to these proceedings, which being overruled by the judge a quo, he thereafter filed his answer in which he denies being indebted to Mrs. Frey, and specially denies that her furniture had been unjustly or illegally seized, but on the contrary same was seized for probable and just cause.

Further answering, defendant sets out a number of allegations, which in the opinion of the judge a quo could only have been pleaded in the original suit, and that suit having been decided adversely to defendant, and he taking no appeal from that judgment, therefore the issue could not again be heard in this proceeding, and under the ruling all evidence offered by the defendant in order to maintain these allegations as contained in his answer, which would have resulted practically in a retrial of the issues of the original suit, were ruled out and disallowed, and a judgment for $50.00 was rendered for actual damages in plaintiff's favor,

501

From this judgment defendant has appealed, and in her answer to the appeal plaintiff asks that same be increased to the sum of $500.00.

In our opinion the only question involved in this case, outside as to the amount of damages allowed plaintiff by the district judge, is whether or not he was correct in his rulings in excluding defendant's proof in connection as to what took place at the time of the original suit, under which the seizure was made of plaintiff's furniture, on the grounds that suit was res adjudicata, and no evidence of the character sought to be introduced by defendant could therefore be heard in this proceeding, the sole issue involved, being whether or not plaintiff is entitled to any damages for the wrongful seizure, and if so, how much.

This question has been passed upon frequently by our Supreme Court, and in the a case very similar to this the Court held, "The judgment of the court dissolving a writ of provisional seizure is final and conclusive as to the illegality of its issuance." Ivers vs. Ryan, 42 Ann. 33.

The decision in the rent suit, dismissing the action and dissolving the writ, is conclusive on the question that the latter was wrongfully issued, The judgment is res adjudicata on that subject. Cretin vs. Levy, 37 Ann. 183; Ross vs. Goodman, 36 Ann. 133; Barrie vs. McFeeley, 32 Ann. 1182.

On the question of damages counsel for defendant, in argument and in brief filed, referred to a number of authorities which are to the effect that, allegation in the petition for damages being suffered by plaintiff due

to the wrongful seizure of property, are merely conclusions of law, and unless substantiated by proof, must fail. In our opinion that proof was made by plaintiff and sustained by her, as shown by the record of the original proceedings in the First City Court, which record is made part of this suit.

In so far as the amount of damages suffered by plaintiff is concerned, the judge a quo allowed the sum of $50.00, which, in view of the authorities above referred to, said amount of damages are actual expenses and loss realized from the seizure itself, we believe to be reasonable. 42 Ann. 33; 37 Ann. 183.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the District Court be and is hereby affirmed. Defendant to pay costs of both courts.

Judgment affirmed.